UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darrell J., | Case No. 23-CV-1543 (JRT/JFD) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Martin J. O'Malley, Commissioner of Social Security Administration, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Darrell J. seeks judicial review of a final decision by the Defendant Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") to which Plaintiff claimed he was entitled due to alleged disability. (Soc. Sec. Admin. R. (hereinafter "R.") 13.[1]) The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and District of Minnesota Local Rule 72.1(a)(3)(D).

Plaintiff's impairments include opioid use disorder, borderline personality disorder, attention deficit hyper-activity disorder ("ADHD"), and lumbar radiculopathy. (R. 19.) Plaintiff challenges the Defendant Commissioner's denial of benefits as not based on substantial evidence as required by 42 U.S.C. § 405(g). More specifically, Plaintiff

---

[1] The social security administrative record is filed at Dkt. No. 17. The record is indexed as consecutively paginated, and the Court cites to that pagination rather than to the docket page.

1

contends that the Defendant erred as a matter of law by (1) failing to perform an adequate analysis of *supportability* and *consistency* with respect to a psychological consultative examiner's medical opinions and (2) failing to properly account for Plaintiff's social limitations in determining his residual functional capacity ("RFC"). After reviewing the entire administrative record, the undersigned recommends that the Commissioner's decision be affirmed because it contains no legal errors and is supported by substantial evidence.

I.  **Background**

Plaintiff was born in 1981 and has a limited education, with no past relevant work. (R. 30.) On January 26, 2021, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, citing disability from 2012 due to schizophrenia, bipolar disorder, post-traumatic stress disorder ("PTSD"), degenerative disc disease, and bulging discs in his back. Plaintiff's application was denied initially on July 26, 2021, and upon reconsideration on November 4, 2021.

Plaintiff sought further review by an Administrative Law Judge ("ALJ"). A hearing on March 31, 2022, following which the ALJ issued a decision on July 7, 2022, determining that Plaintiff was not disabled as defined under the Social Security Act, 42 U.S.C. § 423(d)(2)(A).

More specifically, the ALJ found the opinion of Dr. Mark Lysne, a psychological consultative examiner—that "the claimant should be able to interact effectively with others in a brief and superficial capacity"—to be "partially persuasive." (R. 29.) The ALJ went on to conclude, however, that "[the opinion] describes limitations that are vague and not

well defined. To the extent it suggests mental limitations beyond those described in the RFC, it is inconsistent with the claimant's course of mental health treatment, which has been minimal during the period at issue." (*Id.*)

Another part of the RFC that Plaintiff disputes is the determination that:

> The work should primarily be independent work, but the claimant is able to interact with coworkers occasionally. He should not interact with the public. The claimant is able to tolerate training, accept instructions and have supervisory interactions with supervisors but is otherwise limited to occasional interaction with supervisors.

(R. 23.)

The Social Security Administration's Appeals Council denied Plaintiff's request for review in March 2023. Plaintiff has thus exhausted his administrative remedies, and the ALJ's decision is the Social Security Administration's final decision subject to judicial review under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II.     Standard of Review

Judicial review of the Commissioner's denial of benefits is limited to determining whether substantial evidence in the record as a whole supports the ALJ's decision, 42 U.S.C. § 405(g), and whether the ALJ's decision resulted from an error of law, *Nash v. Comm'r Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). The Court must examine "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Id*. (citing *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000)).

The Court may not reverse the ALJ's decision simply because substantial evidence would support a different outcome or the Court would have decided the case differently. *Id.* (citing *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993)). In other words, if it is possible to reach two inconsistent positions from the evidence and one of those positions is that of the Commissioner, the Court must affirm the decision. *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

It is a claimant's burden to prove disability. *See Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995). To meet the definition of disability for disability insurance benefits, the claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The disability, not just the impairment, must have lasted or be expected to last for at least 12 months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

### III.  Analysis

Plaintiff seeks judicial review of the Commissioner's decision on two grounds. *First*, Plaintiff argues that the ALJ erred as a matter of law by failing to perform an adequate analysis of *supportability* and *consistency* with respect to Dr. Lysne's opinion as required under 20 C.F.R. §§ 404.1520c and 416.920c. *Second*, he challenges the ALJ's RFC determination, alleging it fails to properly account for Plaintiff's above-mentioned social limitations.

A.     **The ALJ's Analysis of Dr. Lysne's Opinion**

Plaintiff argues that the ALJ erred by failing to properly consider the supportability and consistency of psychological consultative examiner Dr. Lysne's opinion as required under 20 C.F.R. §§ 404.1520c, 416.920c.

The governing regulations for assessing medical opinion evidence provide that:

> [The Administration] will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, [the Administration] will consider those medical opinions or prior administrative medical findings from that medical source together using [these factors: supportability, consistency, relationship with the claimant, specialization, and other factors], as appropriate.

20 C.F.R. §§ 404.1520c(a), (c)(1)–(5).

Supportability is defined as: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative finding(s) will be." *Id.* § 404.1520c(c)(1). Consistency is defined as: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id.* § 404.1520c(c)(2). In other words, supportability looks to how well the medical source justifies their own opinion, and consistency looks to how well the medical source's opinion fits with evidence from other sources. *See Daniels v. Kijakazi*, 617 F. Supp. 3d 180, 188–89 (S.D.N.Y. 2022).

The regulations continue:

> The factors of *supportability* (paragraph (c)(1) of this section) and *consistency* (paragraph (c)(2) of this section) are the most important factors [the Administration] consider[s] when [it] determine[s] how persuasive [it] find[s] a medical source's medical opinions or prior administrative medical findings to be. Therefore, [the Administration] will explain how [it] considered the *supportability* and *consistency* factors for a medical source's medical opinions or prior administrative medical findings in [a claimant's] determination or decision. [The Administration] may, but [is] not required to, explain how [it] considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when [it] articulate[s] how [it] consider[s] medical opinions and prior administrative medical findings in [a claimant's] case record.

20 C.F.R. §§ 404.1520c(b)(2) (emphasis added).

Citing this language, with no further legal authority, Plaintiff maintains that "the regulations do not contemplate a scenario where an ALJ fulfills her legal obligation to consider a medical opinion without also explicitly discussing how she did so." (Dkt. No. 23 at 9.) More specifically, Plaintiff maintains: "There is no mention of supportability and consistency nor is there a comparison of the opinion to the longitudinal medical records, in order to demonstrate that the ALJ considered the consistency factor." (*Id.* at 10.)

But, as the Commissioner correctly points out, "supportability" and "consistency" are not magic terms that the ALJ must use. (Dkt. No. 25 at 7.) "An ALJ's reasoning need only be clear enough to allow for appropriate judicial review." *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021); *accord Diane M.W. v. Kijakazi*, No. 20-CV-2651 (SRN/ECW), 2022 WL 4377731, at *5 (D. Minn. Sept. 22, 2022) ("The ALJ need not use the magic words of 'supportability' and 'consistency,' but it must be clear they were addressed."); *Tracey L. W. v. Kijakazi*, No. 21-CV-2441 (TNL), 2023 WL 2600217, at *7–8 (D. Minn.

6

Mar. 22, 2023) ("No talismanic language is required for the ALJ to meet the requirements of § 404.1520c, only that the ALJ make it clear that they considered the supportability and consistency of an opinion.").

Here, the ALJ considered both of those factors in evaluating Dr. Lysne's opinion and concluding that it was "partially persuasive." (R. 29.) The ALJ noted that:

> Although [the opinion of Dr. Lysne] is at least partially supported by contemporaneous objective finding[s], it describes limitations that are vague and not well defined. To the extent it suggests mental limitations beyond those described in the RFC, it is inconsistent with the claimant's course of mental health treatment, which has been minimal during the period at issue.

(R. 29.) In her written decision, the ALJ indeed identified—and discussed at length—several instances in Plaintiff's course of mental health treatment as undermining Dr. Lysne's opinion:

- "His treatment providers have not documented any significant concerns regarding memory or cognitive functioning," (R. 21);
- "His treatment providers have not documented any significant issues with the claimant in terms of his ability to stay focused and pay attention during exams," (R. 22);
- "Although he describes a tendency to have outbursts towards others on a regular basis, the outbursts are not well documented," (*id.*); and
- "His participation in therapy has been fairly sporadic over the years, and he has not been involved in counseling with any consistency during the period at issue," (R. 24).

The ALJ was not required to undertake the analysis that Plaintiff claims should have occurred. And the ALJ did conduct the analysis of Dr. Lysne's opinions as required by the relevant regulations, including supportability and consistency. *See Diane M.W.*, 2022 WL 4377731, at *5.

### B. Plaintiff's Social Limitations in the RFC

Plaintiff also faults the ALJ for failing to incorporate the term "superficial," as used in Plaintiff's psychologists' opinions, with respect to Plaintiff's social capacity in the RFC and in her hypothetical questions posed to the vocational expert.

But, as the United States Court of Appeals for the Eighth Circuit has noted recently, the ALJ "was not required to adopt the exact limitations set forth in the opinions she found partially persuasive."[2] *McKinney v. O'Malley*, 2023 WL 2600217, at *1 (8th Cir. Mar. 28, 2024) (per curiam); *accord Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) (the ALJ's hypothetical question "needs to include only those impairments that the ALJ finds are substantially supported by the record as a whole" and "need not frame the claimant's impairments in the specific diagnostic terms used in medical reports").

---

[2] Plaintiff cites a series of cases to demonstrate that "this same issue has now been repeatedly decided in the claimant's favor in the District of Minnesota." (Dkt. No. 29 at 1–2 (citing *Amy F. v. Kijakazi*, No. 23-CV-0076 (DSD/DLM); *Lorn L.R. v. Kijakazi*, No. 23-CV-0152 (WMW/DLM); *Jordan R. v. O'Malley*, No. 22-CV-3162 (NEB/LIB); *Charlita N. v. O'Malley*, No. 23-CV-1283 (NEB/DTS).) Indeed, the Report and Recommendation in each of these cases recommended remand on this ground. However, where challenged, that recommendation has been rejected by the District Judge. *See Charlita N.*, 2024 WL 1667155 (D. Minn. Apr. 15, 2024); *Jordan R.*, Dkt. No. 26 (Mar. 27, 2024); *cf. Jason L. v. O'Malley*, No. 23-CV-0184 (JWB/JFD), 2024 WL 965240 (D. Minn. Mar. 6, 2024) (remanding due to ambiguity as to "whether the ALJ improperly replaced the term 'superficial' with 'occasional,' or deliberately decided against including a limitation on superficial interactions for another reason").

8

Here, the record provides that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in [20 C.F.R. § 416.967(b)]. . . . The claimant is able to carry out simple tasks with acceptable pace and persistence. Simple tasks are those that can be learned in 30 days or less. The work should primarily be independent work, but the claimant is able to interact with coworkers occasionally. He should not interact with the public. The claimant is able to tolerate training, accept instructions and have supervisory interactions with supervisors but is otherwise limited to occasional interaction with supervisors. . . .

(R. 23.) Plaintiff challenges these statements as failing to "reduce or modify the quality of the interaction with supervisors," in accordance with his psychologists' opinion that Plaintiff can interact with others only in a "superficial capacity." (Dkt. No. 23 at 15–17.) The Commissioner concedes that "superficial" interaction and "occasional" interaction are different concepts.[3] (Dkt. No. 25 at 13.)

But the Commissioner argues, and the Court agrees, that the ALJ did not conflate these two terms. Instead, as she explained in her written decision, she considered—but rejected—the "superficial capacity" limitation and explained her reasoning at length:

> Despite the claimant's assertion that he cannot tolerate interaction with others, he and his significant other regularly go to the Salvation Army to get food. The claimant can also go to the laundromat when necessary. He

---

[3]   The undersigned takes no position on whether there are any apparent conflicts between "occasional" and "superficial" interactions. *Compare superficial*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/superficial (last visited July 9, 2024) ("concerned only with the obvious or apparent"), *with occasional*, Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/occasional (last visited July 9, 2024) ("designed or constructed to be used as the occasion demands"); *cf. Lane v. O'Malley*, No. 23-1432, 2024 WL 302395, at *1 (8th Cir. Jan. 26, 2024) (per curiam) (rejecting the "manufactured inconsistency" between "the ALJ's reference to 'occasional' interactions" and "the shared opinion of two psychologists, which the ALJ found persuasive, that he could have 'superficial' interactions").

9

> generally interacts appropriately with treatment providers and he acknowledges that he can get along with authority figures.

(R. 26.) The ALJ noted and considered the opinion of Plaintiff's treating physician, Dr. Mark Vukonich, which she found "somewhat persuasive":

> Dr. Vukonich opined the claimant has no limits in the ability to understand, remember and carry out instructions, moderate limits in the ability to interact with supervisors, co-workers and the general public, and moderate limits in responding appropriately to changes in a routine work setting. As defined in the opinion, "moderate" means the individual's ability to function is fair.

(R. 29.)

The ALJ also considered Plaintiff's claim that "he has had confrontations with people in public that caused police to get involved" and concluded that: "As a general matter, the claimant's more aggressive behaviors seem to occur in the context of medication misuse or when the claimant was engaging in drug-seeking behavior. The evidence is not indicative of someone who cannot leave his home because of uncontrolled rage." (R. 25.)

Finally, the ALJ acknowledged the opinion of another psychological consultative examiner, Dr. Marlin Trulsen, who opined that "the claimant's general mental capacity for responding appropriately to brief and superficial contact with coworkers and supervisor[s] and tolerating stress and pressures typically found in an entry-level workplace appear[s] to demonstrate a moderate level of impairment due to interference with current chemical and mental health difficulties." (R. 30.) Here, the ALJ explained that:

> Similar to the opinion from Dr. Lysne, the opinion from Dr. Trulsen uses vague and undefined terms, as well as some programmatic terms, such as slight, occasional and moderate. As a whole, his opinion tends to reflect

10

the capacity for some unskilled work, albeit with limited contact with others. In that respect, it is consistent with the State agency assessments and the opinion from Dr. Lysne. It is also supported by the claimant's daily activities. It is partially persuasive.

(*Id.*)

A review of the record thus satisfies the Court that the ALJ's findings are supported by substantial evidence. As such, they do not provide any basis for remand. *See Lane*, 2024 WL 302395, at *1.

### IV.   Recommendation

Because the Commissioner's conclusion that Plaintiff was not disabled is supported by substantial evidence in the record and free from legal error, the Court recommends affirming the Commissioner's decision.

Accordingly, based on the foregoing and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The relief requested in Plaintiff Darrell J.'s Briefs (Dkt. Nos. 23, 29) be **DENIED**;

2. Defendant Commissioner of Social Security Administration's request to affirm the Administration's decision (Dkt. No. 25) be **GRANTED**;

3. The Administration's decision be **AFFIRMED**; and

4. **JUDGMENT BE ENTERED ACCORDINGLY**.

Date: July 10, 2024         *s/   John F. Docherty         .*
                            JOHN F. DOCHERTY
                            United States Magistrate Judge

# NOTICE

**Filing Objections**: This Report and Recommendation is not an order or judgment of the District Court and therefore is not appealable directly to the Eighth Circuit Court of Appeals. Pursuant to District of Minnesota Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report and Recommendation within 14 days. A party may respond to objections within 14 days of being served a copy. All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).