UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| DARRELL JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY, *Commissioner of Social Security Administration*,<br><br>Defendant. | Civil No. 23-1543 (JRT/JFD)<br><br>MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION |

---

Bryan Konoski, **KONOSKI & PARTNERS, P.C.**, 305 Broadway, Seventh Floor, New York, NY 10007; James H. Greeman, **GREEMAN TOOMEY**, 250 Second Avenue South, Suite 120, Minneapolis, MN 55401, for Plaintiff.

Ana H. Voss, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; James D. Sides and Marisa Silverman, **SOCIAL SECURITY ADMINISTRATION**, 6401 Security Boulevard, Baltimore, MD 21235, for Defendant.

Plaintiff Darrell Jordan objects to Magistrate Judge John F. Docherty's Report and Recommendation ("R&R") upholding the Administrative Law Judge's ("ALJ") denial of his application for social security disability benefits. Jordan argues that the Magistrate Judge engaged in *post hoc* rationalization to reach the conclusion that the ALJ rejected a limitation to superficial contact with supervisors and coworkers in determining Jordan's residual functional capacity. Because the Court finds that the ALJ's decision was supported by substantial evidence and is free from legal error, the Court will overrule Jordan's objections and adopt the R&R.

**BACKGROUND**

The R&R comprehensively provides the background of this case. Because Jordan does not specifically object to the statement of facts and procedural history in the R&R, the Court will adopt those statements in full and only briefly summarize the relevant background information.

Jordan's application for social security disability benefits was denied on initial review and upon reconsideration. (Soc. Sec. Admin. R. at 135–38, 143–44, Nov. 1, 2023, Docket No. 17.)[1] Thereafter, an ALJ affirmed that Jordan was not disabled as defined under the Social Security Act, 42 U.S.C. § 423(d)(2)(A). (*Id.* at 16–32.) As relevant to this objection, the ALJ concluded that Jordan retained the residual functional capacity ("RFC") to perform light work subject to certain limitations. (*Id.* at 22–30.)

In determining Jordan's RFC, the ALJ found that Jordan's impairments could reasonably be expected to cause his alleged symptoms but that Jordan's statements concerning the "intensity, persistence and limiting effects of these symptoms" were inconsistent with medical evidence and other evidence in the record. (*Id.* at 24.) In reaching her conclusion, the ALJ considered opinion evidence from several physicians and mental health providers, including specific opinions by Dr. Mark Lysne and Dr. Marlin Trulsen regarding Jordan's social limitations. (*Id.* at 28–30.) Dr. Lysne and Dr. Trulsen

---

[1] For convenience and consistency with the R&R, the Court cites to the consecutive pagination of the Administrative Record rather than the CM/ECF pagination.

opined that Jordan was limited to superficial contact with coworkers and supervisors. (*Id.* at 29–30.)

The Social Security Administration's Appeals Council denied Jordan's request to review the ALJ's decision. (*Id.* at 2–7.) Having exhausted administrative remedies, Jordan then filed this action, primarily arguing that the ALJ improperly discounted Dr. Lysne's opinions and failed to account for Jordan's social limitations in determining his RFC. (Compl., May 25, 2023, Docket No. 1; *see* Pl.'s Br. at 8–19, Dec. 19, 2023, Docket No. 23.) The Magistrate Judge issued an R&R recommending the Court affirm the ALJ's decision because the ALJ adequately weighed Dr. Lysne's opinion and reached a decision that was supported by substantial evidence in the record. (*See* R. & R. at 11, July 10, 2024, Docket No. 32.) Jordan objected to the R&R, arguing that the Magistrate Judge improperly reweighed evidence to provide a *post hoc* justification for the omission of superficial contact limitations from the RFC. (Pl.'s Obj. to R. & R. at 6, July 18, 2024, Docket No. 33.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews *de novo* a

"properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

## II. ANALYSIS

Jordan's objections center on whether the ALJ erred by not adequately accounting for Jordan's social limitations in determining his RFC.  He argued to the Magistrate Judge that the ALJ improperly failed to expressly find that Jordan was limited to superficial contact interactions with coworkers and supervisors.  In his objections, Jordan faults the Magistrate Judge for reweighing the evidence to provide a *post hoc* justification for the ALJ's omission of the superficial contact limitation in the RFC.  In Jordan's view, the ALJ actually accepted the superficial contact limitation and, in doing so, erred by failing to account for it in the RFC.  Reviewing these objections *de novo*, the Court does not find any error with the ALJ's decision or the R&R.  Fed. R. Civ. P. 72(b)(3).

A court reviewing a denial of benefits decides only whether the decision complied with the law and was supported by substantial evidence.  42 U.S.C. § 405(g).  A court must uphold a denial of benefits based on factual findings if the denial "is supported by substantial evidence on the record as a whole."  *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive.").

"[T]he threshold for such evidentiary sufficiency is not high. . . . It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citations and internal quotation marks omitted). Substantial evidence may be less than a preponderance of the evidence, and a court may not reverse the ALJ's decision "even if substantial evidence would have supported a contrary decision or even if [it] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). In other words, if the Court can reasonably draw two inconsistent conclusions, both of which are supported by the evidence, and one supports the ALJ's findings, the Court must affirm the ALJ's decision. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007).

When evaluating whether substantial evidence supports an ALJ's conclusion, the Court may only consider the rationale the ALJ gave for the decision. *Banks v. Massanari*, 258 F.3d 820, 824 (8th Cir. 2001); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943). Thus, even if there is evidence in the record for an alternative rationale that would support the outcome reached by the ALJ, a reviewing court may not search the record for this evidence. *See Mayo v. Schiltgen*, 921 F.2d 177, 179 (8th Cir. 1990). Still, an ALJ's failure to adequately explain the rationale of her conclusions or to address specific facts in the record, standing alone, does not require a reviewing court to remand if the record as a whole provides substantial evidence for the decision. *Vance v. Berryhill*, 860 F.3d 1114, 1118 (8th Cir. 2017).

Jordan claims that in making the RFC determination, the ALJ erred by failing to account for the superficial contact limitation. But the ALJ was not required to frame Jordan's social impairments with the term "superficial" in the RFC even if two of Jordan's psychologists used that term to describe his limitations in their opinions. *Lacroix v. Barnhart*, 465 F.3d 881, 889 (8th Cir. 2006) ("The ALJ's hypothetical question to the vocational expert . . . need not frame the claimant's impairments in the specific diagnostic terms used in medical reports, but instead should capture the 'concrete consequences' of those impairments." (internal quotations and citations omitted)). Instead, the appropriate inquiry is whether the ALJ's decision regarding Jordan's social limitations was supported by substantial evidence, *Rappoport*, 942 F.2d at 1322, and a review of the record satisfies the Court that it was. While Dr. Lysne and Dr. Trulsen similarly opined that Jordan was limited to superficial contact with coworkers and supervisors, the ALJ found those opinions only partially persuasive. In particular, she determined that Dr. Lysne's opinion was unhelpful to the extent that it described vague and ill-defined limitations that were inconsistent with Jordan's minimal mental health treatment and that Dr. Trulsen's opinion was unhelpful to the extent that it used vague and undefined terms to describe Jordan's mental capacity. On balance with other substantial evidence in the record, including the fact that Jordan regularly gets food at the Salvation Army and another treating physician's opinion that Jordan is fairly able to interact with coworkers and supervisors, the ALJ concluded that Jordan's social ability is limited, but not expressly

to superficial contact. The Court is thus satisfied that the ALJ's decision was supported by substantial evidence in the record. *Rappoport*, 942 F.2d at 1322. And despite Jordan's argument that ample facts in the record support an explicit superficial contact limitation, the Court cannot remand the ALJ's decision on that basis. *Cox*, 495 F.3d at 617.

Further, Jordan contends that the Magistrate Judge erred by reweighing the evidence to provide a *post hoc* justification for the ALJ's omission of the superficial contact limitation. As far as the Court can ascertain, Jordan argues that the ALJ's rationalization for Jordan's social limitations was inadequate, such that the Magistrate Judge necessarily engaged in *post hoc* rationalization in evaluating the ALJ's decision. The Court rejects Jordan's contention. "It is not the role of [a reviewing] court to reweigh the evidence presented to the ALJ or to try the issue in this case *de novo*." *Id.* Rather, the appropriate inquiry is whether the ALJ's decision was "supported by substantial evidence on the record as a whole." *Id.* Here, the Magistrate Judge did not improperly reweigh the evidence in the R&R. Instead, he pointed to the evidence considered by the ALJ in her RFC analysis to evaluate whether substantial evidence supported the ALJ's decision. And even if the ALJ's rationale was lacking, standing alone, any failure to explain her conclusion would not require remand because the Court finds that the record as a whole provides substantial evidence to support the decision. *Vance*, 860 F.3d at 1118.

Jordan also appears to argue that the Magistrate Judge erred in writing that the ALJ "rejected" the superficial contact limitation, but whether the ALJ expressly rejected

the superficial contact limitation in her opinion is of no matter for the Court's review. The appropriate inquiry is whether the ALJ's decision was supported by substantial evidence. *Rappoport*, 942 F.2d at 1322. The Court finds that it was.

Jordan's remaining objections are restatements of those raised in his initial briefs in support of his requested relief. He argued to the Magistrate Judge that the ALJ inadequately analyzed supportability and consistency with respect to Dr. Lysne's opinions. In his objections, Jordan directs the Court to his previous briefs that were presented to the Magistrate Judge. Reviewing these objections for clear error as they constitute recitations of prior arguments, the Court finds no clear error in the balance of the R&R. *See Montgomery*, 98 F. Supp. 3d at 1017. The Magistrate Judge did not clearly err in determining that the ALJ properly considered supportability and consistency with respect to Dr. Lysne's opinion, nor that the ALJ was not required to use the terms "supportability" and "consistency" in her analysis. *Grindley v. Kilakazi*, 9 F.4th 622, 631 (8th Cir. 2021). Indeed, the Magistrate Judge pointed to multiple examples where the ALJ weighed Dr. Lysne's opinion against other evidence in the record. This was sufficient.

## CONCLUSION

Because the ALJ's decision was supported by substantial evidence and free from legal error, the ALJ did not err in denying Jordan's application for social security disability benefits. Accordingly, the Court will adopt the R&R, overrule Jordan's objections, and affirm the Commissioner's final decision to deny Jordan benefits.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report and Recommendation [Docket No. 32] is **ADOPTED**;

2. Plaintiff's Objections to the Report and Recommendation [Docket No. 33] are **OVERRULED**;

3. Plaintiff's Request for Relief [Docket Nos. 23, 29] is **DENIED**;

4. Defendant's Request for Relief [Docket No. 25] is **GRANTED**;

5. The Administration's Decision is **AFFIRMED**; and

6. Plaintiff's Complaint [Docket No. 1] is **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 16, 2024
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge